UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY GROUBBS,

Plaintiff,

v.

DAIMLER TRUCKS NORTH
AMERICA LLC,

Defendant.

Case No. 25-12756
Honorable Denise Page Hood
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S MEDICAL AUTHORIZATIONS
(ECF NO. 15)**

## I.   Introduction and Background

Pro se Plaintiff Johnny Groubbs sues Defendant Daimler Trucks North America LLC (Daimler), asserting product liability and negligence claims.  ECF No. 1.  Grubbs alleges he worked as truck driver operating trucks made by Daimler and that he experienced "carbon monoxide exposure" because of defective systems in those trucks and suffered various physical injuries due to carbon monoxide poisoning.  *Id*.  Groubbs seeks damages of $ 10 million.  *Id*., PageID.2.  He seeks damages for physical injuries, pain and suffering, medical expenses, lost wages, and

1

other economic and non-economic damages.  ECF No. 15-3, PageID.54.
Groubbs claims to have experienced respiratory issues, neurological
symptoms, headaches, dizziness, and fatigue.  ECF No. 17, PageID.100.

Daimler moves under Federal Rule of Civil Procedure 37 for an order
compelling Groubbs to sign medical authorizations that it sent to him.  ECF
No. 15.  Groubbs opposes the motion, stating that he is willing to sign
medical authorizations that he has restricted to include only records he
considers relevant.  ECF No. 17; ECF No. 15-5.  The Honorable Denise
Page Hood referred this motion to the undersigned for hearing and
determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 19.  The Court
**GRANTS** Daimler's motion.

## II.    Analysis

Under Federal Rule of Civil Procedure 26(b)(1) "Parties may obtain
discovery regarding any nonprivileged matter that is relevant to any party's
claim or defense," except that the Court must consider proportionality
factors, including "the importance of the issues at stake in the action, the
amount in controversy, the parties' relative access to relevant information,
the parties' resources, the importance of the discovery in resolving the
issues, and whether the burden or expense of the proposed discovery
outweighs its likely benefit."  Groubbs neither contends that his medical

records are irrelevant to his claimed injuries, asserts that Daimler has no right to discover his medical records under Federal Rule of Civil Procedure 34, nor objects to signing medical authorizations.

Rather, Groubbs argues that the medical authorizations should include restrictions on which medical records the providers should produce. For example, he wants the authorizations for his psychiatric records to be limited "to records directly related to symptoms allegedly caused by the exposure at issue."  ECF No. 17, PageID.100.  Groubbs also wants to exclude records about substance abuse "unless directly relevant."  *Id*., PageID.103.

Groubbs has no right under the rules of discovery to unilaterally determine which of his medical records are relevant to the claims and defenses here.  *See Lucas v. Protective Life Ins. Co.*, No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action"); *Johnson v. Serenity Transp., Inc.,* No. 15-CV-02004-JSC, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("A party cannot unilaterally decide that there has been enough discovery on a given topic.").

3

Groubbs also has no medical or legal expertise to offer an opinion on which medical records might be relevant.  *See* Fed. R. Evid. 702 (describing qualifications needed to give expert opinion evidence).  Finally, Groubbs does not explain how including his requested restrictions on medical authorizations would be workable.  The producing medical providers will not scour the records to determine whether they should be excluded as legally irrelevant under Groubbs's rules.

There being no dispute that Groubbs's medical records are discoverable under Rule 26(b), the Court will compel Groubbs to sign the requested medical authorizations without restrictions.

### III.    Conclusion

The Court **GRANTS** Daimler's motion and **ORDERS** that Groubbs must produce the signed medical authorizations ordered here by **May 27, 2026.**  And Groubbs is **WARNED** that the filing of objections to this order does not stay the parties' obligations under this order.  *See* E.D. Mich. LR 72.2. ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.")

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: May 14, 2026                    United States Magistrate Judge

4

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager