UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY GROUBBS,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC,<br><br>Defendant. | Case No. 25-12756<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF A NEUTRAL EXPERT AND ALTERNATIVE EXPERT EVIDENCE PROCEDURES (ECF NO. 27)**

Plaintiff Johnny Groubbs, proceeding pro se, sues his former employer, Defendant Daimler Trucks North America LLC (Daimler), asserting product liability and negligence claims. ECF No. 1. Groubbs alleges that he suffered carbon monoxide poisoning while operating Daimler's defective trucks. *Id.* The Honorable Denise Page Hood referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 27.

Groubbs moves the Court to appoint a neutral expert in this case. ECF No. 27. The Court has discretion to appoint expert witnesses under

Federal Rule of Evidence 706. But courts exercise caution, only appointing experts in rare instances and under the most compelling circumstances. *Anderson v. Furst*, No. 17-12676, 2020 WL 3412251, at *1 (E.D. Mich. June 22, 2020); *Chappel v. Adams Cnty. Children's Servs.*, No. 1:22-CV-747, 2025 WL 1639514, at *6 (S.D. Ohio Feb. 5, 2025), *adopted,* 2025 WL 1335147 (S.D. Ohio May 8, 2025). And Rule 706 is not a vehicle for the Court to help the plaintiff prove his case. *Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *3-4 (E.D. Mich. Dec. 23, 2003)

Here, Groubbs has not shown a compelling or extraordinary need to appoint a neutral expert. Groubbs cites his financial hardship as a barrier to obtaining expert testimony, but his inability to pay is not a compelling circumstance to warrant the appointment of a neutral expert. ECF No. 27, PageID.172; *see McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sept. 30, 2021) ("Rule 706 was not designed to fill in the gaps for a party who cannot find or afford an expert.").

The Court thus **DENIES** Groubbs' motion to appoint a neutral expert.[1]

[1] If pro bono counsel is obtained, then an expert may be retained with the benefit of reimbursed fees. *See* https://www.mied.uscourts.gov/attorneys/probono/representation/ (last visited Oct. 14, 2026).

Groubbs also moves for “alternative expert evidence procedures” under Federal Rules of Civil Procedure 26, 30, and 45. ECF No. 27. He explains that he is using Rule 45 processes to identify and obtain testimony from a technician who performed or participated in the August 2023 repair of one of Daimler’s trucks, but that he has not yet secured the technician’s records or testimony. *Id.*, PageID.172, 181-182, 190.

Groubbs first requests permission to disclose the technician’s testimony under Federal Rule of Civil Procedure 26(a)(2)(C) rather than supply an expert report under Rule 26(a)(2)(B). *Id.*, PageID.185. But Groubbs has not identified the technician nor secured the technician’s testimony. The Court thus has no basis to make a Rule 26(a)(2)(C) determination. *See Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 146 (E.D. Mich. 2020) (“Whether Plaintiff needed to provide an expert report under (B) or summary disclosure under (C) on the expert witnesses depends on the subject matter of the testimony.”).

Groubbs also seeks to “preserve” his right to “depose, examine, and use [the] admissible testimony of any” Daimler expert. ECF No. 27, PageID.174, 186. He cites Rule 26(b)(4)(E), which requires the party seeking discovery to pay the reasonable fee of an expert for time spent in responding to discovery “unless manifest injustice would result.” *Id.*; *see*

*also Phillips v. Tangilag*, 14 F.4th 524, 543 (6th Cir. 2021) (Rule 26(b)(4)(E) applies to an expert's time spent in depositions). The Court infers that Groubbs wants to take discovery from a Daimler expert without paying the fees required by Rule 26(b)(4)(E). But his request is hypothetical; the Court has no basis to decide whether the relevant expert's fees are reasonable or whether requiring Groubbs to pay them would result in manifest injustice.

Groubbs finally requests leave to conduct a Rule 30(b)(6) deposition concerning Daimler's "records, campaign, systems, and corporate knowledge." ECF No. 27, PageID.187. But no leave is required; Groubbs may serve Daimler with notice of the deposition and state the topics to be covered. *See* Fed. R. Civ. P. 30(a)(1), (b)(6).[2]

The Court thus **DENIES** Groubbs' motion for alternative expert evidence procedures.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 15, 2026

[2] The Court warns Groubbs that Rule 30(b)(6) deposition topics must be proportional to the needs of the case and should not be used as a cumulative, duplicative, or unreasonably burdensome discovery tool. *See Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121-22 (E.D. Mich. 2019).

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. L.R. 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager