UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY GROUBBS,<br><br>Plaintiff,<br><br>v.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC,<br><br>Defendant. | Case No. 25-12756<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR RECRUITMENT OF PRO BONO COUNSEL AND TO EXTEND SCHEDULING DEADLINES (ECF NOS. 32, 33)**

Plaintiff Johnny Groubbs moves for the recruitment of pro bono counsel. ECF No. 32. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Groubbs seeks pro bono counsel because this case involves technical evidence concerning manufacturer negligence and carbon monoxide poisoning, and because he has several medical issues that hinder his ability to effectively manage his litigation obligations. He notes that he has been unable to afford counsel because he receives social security benefits and lives on a fixed income. ECF No. 32, PageID.231-232. Groubbs also explains that suffers from neurological and cardiovascular issues that severely hinder his physical health, memory, and concentration. *Id.*, PageID.232. He claims that these health issues adversely impact his ability to litigate and make retaining information and organizing evidence harder. *Id.*

This case does not appear to be frivolous, and Groubbs faces significant difficulties in proving his case without counsel due to the technical evidence involved and his health issues. *See, e.g.*, *Walker v. Price*, 900 F.3d 933, 938, 940 (7th Cir. 2018) (Barrett, J.) (noting that the "assistance of counsel becomes increasingly important as litigation enters its later stages" and "pretrial performance d[oes] not necessarily reflect [the] ability to handle a trial."). It follows that exceptional circumstances are warranted to recruit pro bono counsel. *See Harrison v. Diamond Pharmacy Servs.*, 707 F. Supp. 3d 718, 728 (W.D. Ky. 2023) (recruiting counsel for a pro se plaintiff since counsel "would be a service to … the court and defendant … by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Thus, the Court **GRANTS** Groubbs' motion to recruit counsel. ECF No. 32. The case will be stayed for **30 days** while the Court attempts to obtain pro bono counsel. If pro bono counsel is not obtained within **30 days**, the stay will be lifted, and Groubbs will proceed pro se.

And since the Court is temporarily staying this case, changes must be made to the existing scheduling deadlines. *See* Fed. R. Civ. P. 16(b)(4);

*Brumback v. Wurth Baer Supply Co.*, No. 19-CV-010-JMH-MAS, 2019 WL 2814649, at *3 (E.D. Ky. July 2, 2019) ("in considering modifications to the scheduling order, the Court must consider the effect of the requested extensions on other deadlines and scheduled hearings."). The Court thus **GRANTS** Groubbs' motion to extend the existing scheduling deadlines but will defer issuing an amended scheduling order until after Groubbs has either obtained counsel or the stay has been lifted. ECF No. 33.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 15, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager